**Mary W. GROVES et al., Plaintiffs-Appellees,**

v.

**CUMBERLAND CAPITAL CORPORATION and Richard Dance, Trustee, Defendants-Appellants.**

**No. 74–1889.**

United States Court of Appeals, Sixth Circuit.

July 31, 1975.

William B. Felknor, Felknor, Paine, DeLozier & Cunningham, Maryville, Tenn., Cecil D. Branstetter, Carrol D. Kilgore, Nashville, Tenn., for defendants-appellants.

E. Bruce Foster, Ronald C. Koksal, L. Stephen Cash, Knoxville, Tenn., for plaintiffs-appellees.

Before EDWARDS, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

This appeal involves a dispute over title to some valuable land in Tennessee abutting on I–75, near one of its exits. The land was originally owned by Mrs. Etta Witherspoon, who by inter vivos transfers deeded it to her son, Thomas, and his three children, as tenants in common, these last three now being the plaintiffs in the instant litigation.

At the time of the transfer of these titles, son Thomas signed five promissory notes for $3,000, each payable to his mother. (Appellees allege that he had at that time been adjudged incompetent.) On the death of son Thomas, his one-fourth interest in the property was left by will to his brother, David, the uncle of the plaintiffs, who then became a one-fourth cotenant in the subject property with the three plaintiffs. Prior to Thomas' death, however, Etta Witherspoon had assigned the five $3,000 notes to David, and since Thomas had made no payments thereon, David filed suit in 1967 in the Tennessee Chancery Court to enforce an alleged vendor's lien by attaching the land and foreclosing on the notes.

In this proceeding in the District Court Judge Taylor found that only son Thomas had actual notice of the state court action and that the three children, plaintiffs herein, all residents of Florida during the years concerned, were never notified after Thomas' death in 1967. A default judgment was entered in the foreclosure action, and the property in question was ordered sold. David arranged for a strawman to buy the property in at $15,000, although he had already submitted a financial statement to defendant Cumberland Capital Corporation from which he wanted to borrow money, listing the property as his asset at a value of $600,000. After getting title to the property, David conveyed it to Cumberland under a deed of trust to secure over $125,000 in loans which Cumberland had made to him.

Upon the plaintiffs' filing the present diversity action in the District Court to recover their interests in the land, Judge Taylor found that failure of notice to the three children had deprived them of due process of law, held that the Tennessee Chancery Court decree was void, and awarded title to the plaintiffs. David did not appeal. Cumberland makes no defense of David's conduct, but appears before us claiming to be a bona fide purchaser for value innocent of any culpable knowledge or behavior. It claims it is entitled to the property, since at most the title which David had acquired was voidable on grounds of fraud, but not void.

Cumberland strongly contends that Tennessee law does not demand actual notice to the owners of land in a suit where the land was attached. Review of the applicable Tennessee statute, T.C.A. § 23-646 (1955), pertaining to publication on nonresidents shows that the Clerk of the Court was required to send notice of publication to the last known address of said nonresidents, but it specifically provides that his failure to do so should not deprive the court of jurisdiction in the premises.

No one disputed that David knew where his nieces and nephews were at all of the applicable times.

Preferring to decide this diversity case upon state rather than federal constitutional grounds, this court entered the following order:

On receipt and consideration of an appeal in the above-styled case; and

After consideration of the briefs, oral arguments, and the record, and in the interest of deciding all possible state issues in this diversity case before reaching any federal constitutional issues,

It is the judgment of the court that the case should be remanded to the District Judge for determination of whether or not defendant Cumberland Capital Corporation was a bona fide purchaser for value of the subject real property.

The District Court may, at its discretion, reopen the record for the taking of additional testimony on this issue if it finds it desirable to do so.

The District Court may, if it finds it desirable, enter additional conclusions of law after making the finding of fact referred to above.

On completion of these proceedings, the adjudications referred to above will be forwarded to this court which retains jurisdiction of this appeal.

We have now received and considered Judge Taylor's careful findings and conclusion that Cumberland Capital Corporation was not a bona fide purchaser for value in the subject transaction.

On consideration of the record in this case, we affirm the judgment of the District Court for those reasons only which are based on Tennessee law and which are set forth in his opinion of April 16, 1974, and his Memorandum on remand dated April 29, 1975.